UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | NO. 15-74 |
| CHHAY LIM | SECTION "N" |

**ORDER AND REASONS**

      Presently before the Court are a number of submissions from the parties relative to the admission of evidence at trial in this matter, which is scheduled to commence on Monday, March 13, 2017. The Court rules on these submissions as stated herein.

**I.**

      As set forth in the Court's prior rulings, Defendant's legal status is determined as of the day of the alleged criminal act, which here is March 2, 2015. *See* Rec. Docs. 55 and 100. Further, the Court is not convinced that the BIA's re-opening of Defendant's deportation proceeding, on May 18, 2015, has any retroactive effect relative to criminal charges instituted against Defendant prior to that date. *See* Rec. Doc. 98. Given these conclusions, and having further considered the matter, the Court has determined that any evidence of curative efforts made by Defendant, subsequent to his March 2, 2015 arrest, relative to the legality of his alien status, lacks relevance and thus is inadmissible. Accordingly, **IT IS ORDERED** that the Government's "Objection to Defendant's Proposed Trial Exhibits" (Rec. Doc. 106) relative to Defendant's request for an immigration bond and his "Application for 212c Relief" (Rec. Docs. 106-1 and 106-2) is **SUSTAINED**. For the same reasons, **IT IS FURTHER ORDERED** that: (1) the Court's

November 3, 2016 Order and Reasons (Rec. Doc. 99) is **VACATED**; (2) the Government's motion for reconsideration (Rec. Doc. 93) of the Court's October 14, 2016 Order and Reasons (Rec. Doc. 78) is **GRANTED**; and (3) the Court's October 14, 2016 Order and Reasons (Rec. Doc. 78) is **VACATED** to the extent that Defendant's motion (Rec. Doc. 67) was granted in part.[1] Accordingly, **IT IS FINALLY ORDERED** that Defendant shall not be permitted to "elicit factual testimony from his immigration attorney regarding the motion[s] that the attorney previously filed on behalf of Mr. Lim, the procedure involved, and the result achieved."

## II.

The Court additionally notes that the binder of proposed exhibits that defense counsel recently provided to the Court also includes a copy of Defendant's government-issued identification cards, boat registration licenses, commercial fishing licenses, and 2014, 2015, 2013, 2010, and 2011 tax returns. *See* Defendant's Tabbed Exhibits 3-11. In his opposition to the Government's objection, Defendant characterizes these documents as "pertaining to Mr. Lim's having lived openly and have registered with various government agencies." *See* Rec. Doc. 115, p. 2. The Court previously sustained (Rec. Doc. 101) the Government's relevance objection (Rec. Doc. 91) to such proposed trial exhibits (Lim's green card; Louisiana driver's licenses; social security card; health care insurance cards; boat registrations; commercial fishing licenses; and joint tax returns that Lim filed with his wife, Srinou Phea, from 2009 to 2015).

---

[1] The Government's motion for reconsideration describes the October 14, 2016 ruling as "allow[ing] the defendant to introduce facts surrounding the reopening of his post-arrest immigration proceeding, but prohibit[ing] him from introducing evidence concerning the legal meaning of that conduct."

To the extent that Defendant asks the Court to revisit its ruling, contending that the documents are relevant to, and support, his proclaimed lack of notice/awareness that a final order of deportation was ever issued to him,[2] it is not apparent, under the circumstances presented here, that final notice of that sort necessarily was required.  Specifically, it appears undisputed that, as of the time of his March 2015 arrest, Defendant was readily aware of his possession of a firearm, his 1992 state court rape conviction, and that, in 1997, an Immigration Judge had ordered that he, an alien, be deported.  Given that knowledge, Defendant's purported lack of awareness – apparently resulting from his moving to Buras, Louisiana, and having "lost touch with his immigration counsel"[3] – of the BIA's subsequent dismissal of his appeal, in 1998, is of little import.  That is, the information known by Defendant arguably provided sufficient notice of the facts material to his alien status.  *See, e.g., United States v. Schmidt*, 487 F.3d 253, 255 (5th Cir. 2007) ("[U]nless the text of the statute dictates a different result, the *term* 'knowingly' merely requires proof of knowledge of the facts that constitute the offense.") (quoting *Bryan v. United States*, 524 U.S. 184, 193 (1998));  *United States v. Mirza*, 454 Fed. App'x. 249, 260 (5th Cir. 2011) ("'knowingly' as used in Section 924(a)(2) does not require knowledge that [] possession of weapons was illegal[;] it merely requires proof of knowledge of the facts that constitute the offense, not knowledge of the legal import of those facts")).

Given the foregoing, **IT IS ORDERED** that Government's relevance objections are sustained with respect to Defendant's boat registrations and commercial fishing licenses.  On the

---

[2] *See* Rec. Doc. 115, p. 3 ("that is why the fact that Mr. Lim did not know that a final order of deportation was issued is also relevant") and n. 2 ("The Court yesterday indicated that it would revisit this issue.").

[3] *See* Rec. Doc. 35-1, p. 2

3

other hand, however, considering the nature of the documents at issue, **IT IS FURTHER ORDERED** that the Government's relevance objections as to Defendant's government-issued identifications cards (including his green card), his social security card, and his tax returns, are **REFERRED TO TRIAL** for reconsideration in the event that Defendant chooses to testify.

### III.

With respect to the Government's "Motion in Limine to Preclude Evidence, Comment, and Argument Regarding Defendant's Law-Abidingness or 'Good Deeds'" (Rec. Doc.114), the Court refers the parties to its prior ruling (Rec. Doc. 98) as to the Government's previously filed "Motion in Limine to Exclude Evidence of Specific Instances of the Defendant's 'Good Deeds' and of the Citizenship of the Defendant's Family Members" (Rec. Doc. 89). To the extent that the instant motion presents issues not sufficiently addressed by the Court's prior ruling (Rec. Doc. 98), **IT IS FINALLY ORDERED** that the motion (Rec. Doc. 114) is referred to trial to ensure the Court is able to consider the issue in the proper context.[4]

New Orleans, Louisiana, this 10th day of March 2017.

_____
**KURT D. ENGELHARDT**
**United States District Judge**

---

[4] As counsel have been notified by email, it is not entirely clear from their written submissions that the parties are on the same page regarding the type of evidence that is contemplated for introduction by the Defendant, whether or not the Government objects, and the grounds for that objection. Accordingly, counsel have been instructed to promptly confer in order to clarify their positions and to ascertain whether an agreement can be reached as to what evidence is properly admitted. Furthermore, if Government counsel believe the authorities cited by Defendant in his response (Rec. Doc. 116) are inapplicable here, supplemental briefing setting forth that position and pertinent supporting legal authorities will be necessary.