UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| UNITED STATES OF AMERICA | CRIMINAL ACTION |
|---|---|
| VERSUS | NO. 15-74 |
| CHHAY LIM | SECTION: "E" (1) |

## ORDER AND REASONS

On April 22, 2019, Defendant Chhay Lim filed a Motion to Continue Without Date and Stay Case pending the Supreme Court's decision in *Rehaif v. United States*, ___ S. Ct. ___, No. 17-9560, 2019 WL 2552487.[1] The Court granted this motion on April 23, 2019.[2] *Rehaif* was decided on June 21, 2019, and, accordingly, the Court subsequently issued an order lifting the stay imposed on April 23, 2019.[3] The Court now considers the period for retrial under the Speedy Trial Act, 18 U.S.C. §§ 3161-3174. For the reasons that follow, the Court **ORDERS** the period for retrial be extended, pursuant to 18 U.S.C. § 3161(e).[4]

## BACKGROUND

Defendant was indicted on March 27, 2015 on two counts of possession of a firearm by an illegal alien in violation of 18 U.S.C. §§ 922(g)(5)(A) and 924(a)(2).[5] Defendant sought to dismiss the indictment on the ground that he is not an illegal alien under 18 U.S.C. §922(g)(5)(A),[6] and he also sought to suppress evidence of his Pre-Miranda

---

[1] R. Doc. 175.
[2] R. Doc. 176.
[3] R. Doc. 178.
[4] The Court received a letter from the Government setting forth its position in support of the extension of the period for retrial. R. Doc. 179. The Government's letter states Defendant's counsel objects to the extension, but the Court has received no letter from Defendant's counsel.
[5] R. Doc. 1.
[6] R. Doc. 35.

statements and the guns seized from his home.[7] The Court denied both motions.[8] Defendant then moved to present evidence concerning his immigration status.[9] The Court denied this motion as well.[10]

Defendant conditionally pleaded guilty, preserving his right to appeal the pre-plea motions.[11] Defendant appealed the pre-plea rulings denying his motions to dismiss the indictment, to admit evidence relevant to his immigration status, and to suppress evidence.[12] The Fifth Circuit affirmed the refusal to dismiss the indictment and refusal to admit the evidence relevant to Defendant's immigration status.[13] The Fifth Circuit affirmed in part and reversed in part the denial of the motion to suppress, vacated the judgment of conviction, and remanded the case for further proceedings.[14] The Fifth Circuit issued its judgment on October 2, 2018, but issued the mandate ordering remand on September 10, 2018.[15]

On September 11, 2018, Defendant requested Sara Johnson be appointed as his counsel.[16] The Court granted this motion on September 17, 2018.[17] On October 15, 2018, Defendant moved to designate Ms. Johnson as lead counsel,[18] and the Court granted this motion on October 17, 2018.[19] On October 22, 2018, Defendant informed the Court of his intention to file a petition for a writ of certiorari to the United States Supreme Court, and on the same day the Court imposed a stay while the writ was pending before the Supreme

---

[7] R. Doc. 29.
[8] R. Docs. 55 and 66.
[9] R. Doc. 67.
[10] R. Doc. 78.
[11] R. Doc. 118.
[12] R. Doc. 143.
[13] R. Doc. 155.
[14] *Id.*
[15] *Id.*
[16] R. Doc. 152.
[17] R. Doc. 154.
[18] R. Doc. 156.
[19] R. Doc. 157.

Court.[20] On February 5, 2019, the Court was informed that the Supreme Court had denied the writ on January 7, 2019.[21] The Court lifted the stay on April 1, 2019.[22]

On April 22, 2019, Defendant sought another stay, this time pending the outcome of the Supreme Court's decision in *Rehaif v. United States*.[23] Defendant argued that if the Supreme Court were to rule in Rehaif's favor, the decision would effectively overrule the Fifth Circuit's decision concerning pre-plea rulings in Defendant's case.[24] The Court granted this motion on April 23, 2019.[25] *Rehaif v. United States*, __ S. Ct. __ No. 17-9560, 2019 WL 2552487 was decided on June 21, 2019, and the Court issued an order lifting the second stay on July 1, 2019.[26]

## LAW AND ANALYSIS

### I. Time Remaining Under the Speedy Trial Act

The Speedy Trial Act, 18 U.S.C. § 3161, provides in relevant part:

> If the defendant is to be tried again following an appeal or a collateral attack, the trial shall commence within seventy days from the date the action occasioning the retrial becomes final[.][27]

The "date the action occasioning the retrial becomes final" is the date of the issuance of the mandate ordering remand, not the date of the issuance of the opinion ordering remand.[28] The Speedy Trial clock thus began running in this case when the Fifth Circuit issued the mandate ordering remand on September 10, 2018.[29]

---

[20] R. Doc. 159.
[21] R. Doc. 160.
[22] R. Doc. 173.
[23] R. Doc. 175.
[24] *Id.*
[25] R. Doc. 176.
[26] R. Doc. 178.
[27] 18 U.S.C. § 3161(e).
[28] *United States v. Ayika*, 837 F.3d 460, 465 n.3 (5th Cir. 2016) ("Ayika argues that the date this Court's opinion issued (February 12, 2014) ordering remand is the proper start date, but this is incorrect as the appropriate date is the issuance of the mandate for that opinion (March 6, 2014)." (citing *United States v. Holley*, 986 F.2d 100, 103 (5th Cir. 1993)).
[29] R. Doc. 155.

To determine the amount of time remaining on the Speedy Trial clock, the Court must determine the periods of time excludable from this calculation. The Speedy Trial Act requires: "The periods of delay enumerated in section 3161(h) are excluded in computing the time limitations specified in [section 3161(e)]."[30] Such excludable periods include, in relevant part:

> Any period of delay resulting from a continuance granted by any judge on his own motion or at the request of the defendant or his counsel or at the request of the attorney for the Government, if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial. No such period of delay resulting from a continuance granted by the court in accordance with this paragraph shall be excludable under this subsection unless the court sets forth, in the record of the case, either orally or in writing, its reasons for finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial.[31]

Although a period of delay resulting from a continuance is only excludable if a court sets forth the reasons for the continuance "in the record," "[r]ather than contemporaneous findings, section 3161 merely requires that a district court enter on the record, at some point (presumably prior to trial), the necessary findings to support an ends-of-justice continuance. The only requirements for such an order are that the order memorializing the continuance indicate when the motion was granted, and that the reasons stated be and can be fairly understood as being those that actually motivated the court at the time it granted the continuance."[32] Further, the Fifth Circuit's "decisions do not require that the phrase "ends of justice" always be used, so long as the district court offers an acceptable reason for granting the continuance on the record."[33] "The factors, among

---

[30] 18 U.S.C. § 3161(e).
[31] *Id.* § 3161(h)(7)(A).
[32] *United States v. Bieganowski*, 313 F.3d 264, 283 (5th Cir. 2002) (citing *United States v. Jones*, 56 F.3d 581, 585 n.9 (5th Cir. 1995) (internal citations omitted)).
[33] *United States v. Whitfield*, 590 F.3d 325, 357 (5th Cir. 2009) (citing *United States v. Edelkind*, 525 F.3d 388, 397 (5th Cir. 2008)).

4

others, which a judge shall consider in determining whether to grant a continuance under subparagraph (A),"[34] include, in relevant part:

> Whether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice.[35]

Section 3161(h)(1)(D) also excludes "[a]ny period of delay . . . resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion"[36] "Multiple circuits have found the phrase 'any pretrial motion' to be quite expansive," and the Fifth Circuit has stated: "'[T]he Speedy Trial Act explicitly excludes periods of delay resulting from *any* pretrial motion and we have held that the tolling mandated by [§ 3161(h)(1)(D)] is all but absolute.'"[37] "'Motions excludable under [§ 3161(h)(1)(D)] include any pretrial motion and are not limited to those motions enumerated' in Federal Rule of Criminal Procedure 12(b)[(3)].'"[38],[39]

Because "[t]he Speedy Trial Act does not lay out a method for computing time, [the Court] turn[s] to Federal Rule of Criminal Procedure 45, which applies to 'computing any time period . . . in any statute that does not specify a method of computing time.'"[40] This rule "provides that we do not count 'the day of the event that triggers the period,' but we do count 'the last day of the period, but if the last day is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday.'"[41]

---

[34] 18 U.S.C. § 3161(h)(7)(B).
[35] *Id.* at 3161(h)(7)(B)(i).
[36] *Id.* § 3161(h)(1)(D).
[37] *United States v. Vinagre-Hernandez*, 925 F.3d 761, 766 (5th Cir. 2019) (quoting *United States v. Harmon*, 46 F.3d 66, 1995 WL 29276, at *5 (5th Cir. 1995) (emphasis in original)).
[38] *Id.* (quoting *United States v. Moses*, 15 F.3d 774, 776–77 (8th Cir. 1994)).
[39] Fed. R. Crim. P. 12(b)(3) delineates the motions that must be made before trial.
[40] *Vinagre-Hernandez*, 925 F.3d at 765 (quoting Fed. R. Crim. P. 45(a)).
[41] *Id.* at 766 (quoting Fed. R. Crim. P. 45(a)(1)(A) and (C)).

### A. Period Between Issuing Mandate And Imposing First Stay

The Court first ordered a stay in this case on October 22, 2018, 42 days after the issuance of the mandate.[42] Pursuant to § 3161(h)(1)(D), the Court excludes from this amount of time any period of delay resulting from the filing of a pretrial motion through the disposition of that motion.[43] The Court first considers whether Defendant filed any motions constituting "pretrial motions" during this time. Defendant filed two such motions between the issuance of the mandate and the imposition of the first stay. First, Defendant filed a motion for the appointment of Ms. Johnson as his counsel on September 11, 2018, which the Court granted on September 17, 2018.[44] Second, Defendant filed a motion to designate Ms. Johnson as lead counsel on October 15, 2018,[45] which the Court granted on October 17, 2018.[46] This Circuit has treated motions to appoint counsel as "pretrial motion[s]" under § 3161(h)(1)(D),[47] in line with the Fifth Circuit's expansive definition of "pretrial motion."[48] Thus, both motions constitute "pretrial motion[s]," and accordingly the Court turns to Rule 45(a)'s method for calculating the excluded time.

Because Defendant filed the motion for the appointment of Ms. Johnson on September 11, 2018, this day is excluded and counting begins on the next day.[49] The Court granted this motion on September 17, 2018, and thus a total of six days is excluded. Similarly, because Defendant filed the motion to designate Ms. Johnson as lead counsel

---

[42] R. Doc. 159.
[43] *Id.* § 3161(h)(1)(D).
[44] R. Docs. 152 and 154.
[45] R. Doc. 156.
[46] R. Doc. 157.
[47] *See, e.g.*, *United States v. Conlan*, 786 F.3d 380, 393 n.42 (5th Cir. 2015) (describing Defendant's "motion to appoint new counsel, which the court did not resolve until June 2013" as a "motion[] that triggered the pending-motions exclusion under § 3161(h)(1)(D)").
[48] *Vinagre-Hernandez*, 925 F.3d at 766.
[49] *See* Fed. R. Crim. P. 45(a)(1)(A) and (C); *see also Vinagre-Hernandez*, 925 F.3d at 766.

on October 15, 2018, this day is excluded and counting begins the next day. The Court granted this motion on October 17, 2018, and thus a total of two days is excluded. Accordingly, eight days are excluded from the 42-day period between the issuance of the mandate and the imposition of the first stay. Therefore, a total of 34 days between the issuance of the mandate and the imposition of the first stay elapsed for Speedy Trial clock purposes.

### B. Period Between Imposing First Stay And Lifting First Stay

The first stay, imposed on October 22, 2018, was lifted on April 1, 2019.[50] Pursuant to § 3161(h)(7)(A), the Court excludes the period of delay resulting from the continuance, provided the Court has set forth, in the record, "its reasons for finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial."[51]

Although the Court did not use the phrase "ends of justice" in granting the first stay, the use of this phrase is not required.[52] Further, the Court provided an "acceptable reason for granting the continuance on the record" for the first stay at the time of its imposition[53]—to stay the proceedings while Defendant's petition for a writ of certiorari was pending before the Supreme Court.[54] Nevertheless, for the sake of clarity, the Court sets forth on the record that this continuance was ordered because the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.[55] On October 22, 2018, "Defendant represented that Defendant is considering filing a petition for a writ of certiorari to the United States Supreme Court,

---

[50] R. Doc. 173.
[51] 18 U.S.C. § 3161(h)(7)(A).
[52] *Whitfield*, 590 F.3d at 357.
[53] *See id.*
[54] *See* R. Doc. 159.
[55] 18 U.S.C. § 3161(h)(7)(A).

7

which would be due on November 29, 2018."[56] The Court considered that requiring Defendant to litigate the remanded matter prior to the Supreme Court's ruling on his petition would have hindered Defendant's and his counsel's trial preparation efforts and would have potentially resulted in the need for another retrial—thereby "result[ing] in a miscarriage of justice."[57] The Court accordingly imposed the October 22, 2018 stay.

The Court determines the length of time excluded resulting from the first continuance is the time from the date the stay was imposed (October 22, 2018) to the date the stay was lifted (April 1, 2019)—not the date the writ was denied (January 7, 2019). Unlike other subsections that limit the excludable period of delay—such as § 3161(h)(6), which only allows the exclusion of "[a] *reasonable period* of delay when the defendant is joined for trial with a codefendant as to whom the time for trial has not run and no motion for severance has been granted"[58]—Congress included no such language limiting the excludable time under § 3161(h)(7)(A). Instead, § 3161(h)(7)(A) provides, in relevant part, for the exclusion of "*[a]ny period of delay* resulting from a continuance granted by any judge on his own motion or at the request of the defendant or his counsel or at the request of the attorney for the Government."[59]

Accordingly, the total period resulting from the first continuance—running from October 22, 2018 to April 1, 2019—is excluded from the Speedy Trial clock calculation.

### C. Period Between Lifting First Stay and Imposing Second Stay

The Court ordered the second stay in this case on April 23, 2019, 22 days after the first stay was lifted on April 1, 2019.[60] Pursuant to § 3161(h)(1)(D), the Court excludes from this amount of time any period from the filing of a pretrial motion through the

---

[56] R. Doc. 159.
[57] 18 U.S.C. § 3161(h)(7)(B)(i).
[58] *Id.* §3161(h)(6) (emphasis added).
[59] *Id.* § 3161(h)(7)(A) (emphasis added).
[60] R. Doc. 176.

disposition of that motion.[61] The Court first considers whether Defendant filed any motions constituting "pretrial motions" during this time. Defendant sought the second stay on April 22, 2019,[62] which the Court granted on April 23, 2019.[63] This Circuit has treated motions for a continuance as pretrial motions,[64] in line with the Fifth Circuit's expansive definition of "pretrial motion."[65] Thus, Defendant's April 22, 2019 motion constitutes a "pretrial motion," and accordingly the Court turns to Rule 45(a)'s method for calculating the excluded time.

Because Defendant filed the motion to stay the case on April 22, 2019, this day is excluded and counting begins the next day. The Court granted this motion on April 23, 2019, and thus a total of one day is excluded from the 22-day period between the lifting of the first stay and the imposition of the second stay. Therefore, a total of 21 days between the lifting of the first stay and the imposition of the second elapsed for Speedy Trial clock purposes.

### D. Period Between Imposing Second stay and Lifting Second Stay

The second stay was imposed on April 23, 2019 pending the Supreme Court's decision in *Rehaif*.[66] *Rehaif* was rendered on June 21, 2019.[67] The second stay imposed was lifted on July 1, 2019.[68] Pursuant to § 3161(h)(7)(A), the Court excludes the period of delay resulting from the continuance, provided the Court has set forth, in the record, "its

---

[61] 18 U.S.C. § 3161(h)(1)(D).
[62] R. Doc. 175.
[63] R. Doc. 176.
[64] *See, e.g.*, *United States v. McMillon*, 657 Fed. Appx. 326, 336 (5th Cir. 2016) (Finding "seventeen non-excludable days from indictment to first continuance motion").
[65] *Vinagre-Hernandez*, 925 F.3d at 766.
[66] R. Doc. 176.
[67] *See* ___ S. Ct. ___, No. 17-9560, 2019 WL 2552487.
[68] R. Doc. 178.

9

reasons for finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial."[69]

In granting the second stay, the Court provided in the record its reasons for finding that the ends of justice served by granting the continuance outweigh the best interests of the public and the defendant in a speedy trial:

> The Court specifically finds, pursuant to Title 18, United States Code, Section 3161 (h)(7)(A), and (h)(7)(B)(i) that the failure to grant the requested continuance would result in a miscarriage of justice based on the reasons given in the motion and agreed to by all attorneys and the defendant[.][70]

The reasons given in Defendant's motion, agreed to by all attorneys and the defendant, include:

> The issue presented in [*Rehaif*] is whether the "knowingly" provision of 18 U.S.C. § 924(a)(2) applies to both the possession and status elements of a § 922(g) crime, or whether it applies only to the possession element. If the Supreme Court rules in Rehaif's favor, the decision would effectively overrule the Fifth Circuit's decision concerning certain pretrial rulings in Mr. Lim's case.
>
> . . .
>
> Oral argument in the Rehaif case is scheduled for April 23, 2019. AUSA Latsis has been made aware of the case and has no objection to staying Mr. Lim's case pending the Supreme Court's decision in Rehaif, as a stay would be in the interest of judicial economy and may result in a miscarriage of justice, potentially necessitating a second trial.[71]

This order memorializing the continuance "indicate[s] when the motion was granted, and [] the reasons stated be and can be fairly understood as being those that actually motivated the court at the time it granted the continuance," thereby satisfying the "in the record" requirement of § 3161(h)(7)(A).[72]

---

[69] 18 U.S.C. § 3161(h)(7)(A).
[70] R. Doc. 176.
[71] R. Doc. 175 at ¶¶ 2 and 4.
[72] *See* 18 U.S.C. § 3161(h)(7)(A); *Bieganowski*, 313 F.3d at 283.

Because § 3161(h)(7) calls for the exclusion of "*[a]ny period of delay resulting from a continuance*,"[73,74] the Court determines the length of time excluded resulting from the second continuance is the time from the date the stay was imposed (April 23, 2019) to the date the stay was lifted (July 1, 2019)—not the date *Rehaif* was decided (June 21, 2019). Therefore, the total period resulting from the second continuance—running from April 23, 2019 to July 1, 2019—is excluded from the Speedy Trial clock calculation.

### E. Period After Lifting Second Stay

The second stay was lifted on July 1, 2019[75] and the date of the issuance of this order is July 8, 2019. Thus, seven days since the lifting of the second stay have elapsed for Speedy Trial clock purposes.

### E. Total Excludable Time

In total, 62 days have elapsed for Speedy Trial clock purposes, representing 34 days between the issuance of the mandate and the imposition of the first stay, 21 days between the lifting of the first stay and the imposition of the second stay, and seven days since the lifting of the second stay.[76]

## II. Extension of the Period for Retrial

18 U.S.C. § 3161(e) provides an exception to the seventy-day Speedy Trial clock:

> [T]he court retrying the case may extend the period for retrial not to exceed one hundred and eighty days from the date the action occasioning the retrial becomes final if unavailability of witnesses or other factors resulting from passage of time shall make trial within seventy days impractical.[77]

As aptly stated by the Second Circuit, "The Speedy Trial Act does not itself provide standards for determining when a factor results from the passage of time or even when

---

[73] 18 U.S.C. § 3161(h)(7)(A) (emphasis added).
[74] *See supra* Part I(B).
[75] R. Doc. 178.
[76] *See* 18 U.S.C. § 3161(e).
[77] *Id.*

11

such a factor renders trial impractical. This suggests that Congress intended to afford experienced trial judges considerable discretion in making such determinations."[78] For instance, in *United States v. Holley*, this Circuit upheld the district court's determination that the following constitute such "other factors":

> [B]etween the date the case was originally tried and the date the case was subsequently remanded, the trial judge became involved in a lengthy seven week trial. Additionally, the resident judge in Waco, where the case was to be tried, recused himself. Finally, at the time Holley was to be retried, the Western District of Texas was four judges short of the ten judges authorized by Congress.[79]

Other circuits have similarly interpreted "other factors" broadly.[80] For example, in *United States v. Shellef*, the Second Circuit affirmed a district court's ruling that several factors—including that "following remand, but before expiration of the initial 70–day period for retrial, an intervening Supreme Court decision, *see Cuellar v. United States*, 553 U.S. 550, 128 S. Ct. 1994, 170 L.Ed.2d 942 (2008), altered proof requirements with respect to money laundering charges against Shellef"—constituted "other factors" under § 3161(e). The Second Circuit explained:

> Insofar as *Cuellar v. United States*, 553 U.S. at 568, 128 S. Ct. 1994, altered the government's burden of proof on the money laundering charges pending against Shellef, the district court was entitled to view that decision, issued on the 70th day following the mandate, as another new factor resulting from the passage of time that made it impractical to commence trial without affording the parties and the court some additional time to familiarize themselves with the ruling and its effect on retrial.[81]

In this case, the intervening Supreme Court decision *Rehaif v. United States* has altered the Government's burden on the charge pending against Defendant. Under *Rehaif*, in prosecuting Defendant under § 922(g) and § 924(a)(2), the Government must prove both that Defendant knew he possessed a firearm and that he knew he was an illegal

---

[78] *United States v. Shellef*, 718 F.3d 94, 105 (2d Cir. 2013).
[79] 986 F.2d 100, 103 (5th Cir. 1993).
[80] *See Shellef*, 718 F.3d 94 at 105-06 (collecting Circuit Court cases determining "other factors").
[81] *Id.* at 107-08.

alien—i.e. the relevant category of persons barred from possessing a firearm.[82] In light of *Rehaif*, the Government and Defendant will require additional time to familiarize themselves with the ruling, reevaluate the case at hand, and prepare accordingly for trial, which may likely involve reaching out to witnesses and collecting evidence of—or of the lack thereof—Defendant's knowledge of his immigration status at the time of his arrest. The Government has stated it will need to receive guidance from the Department of Justice concerning *Rehaif*, and it will also need to reach out to witnesses, at least one of whom is no longer employed as a federal agent.[83]

Accordingly, the Court finds trial within seventy days impractical.

## CONCLUSION

**IT IS ORDERED** that the period for retrial is extended pursuant to 18 U.S.C. § 3161(e), not to exceed one hundred and eighty days from the date of the issuance of the mandate. The Court will issue a separate order setting the exact trial date.

**New Orleans, Louisiana, this 8th day of July, 2019.**

                                          _____
                                          **SUSIE MORGAN**
                                    **UNITED STATES DISTRICT JUDGE**

---

[82] 2019 WL 2552487 (June 21, 2019).
[83] R. Doc. 179.